### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>KATERRA INC., *et al.*,[1]<br>　　　　　　　　　　Debtors,<br><br><br><br>CLIFFORD MARVIN, TODD IRVING and<br>JOSEPH RUSSOMANNO on behalf of themselves<br>and all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　　　　v.<br><br>KATERRA INC.<br><br>　　　　　　　　　　Defendant. | **Chapter 11**<br>**Bankruptcy Case No. 21-31861 (DRJ)**<br><br><br><br><br><br><br><br><br>**Adv. Proc. No. _____** |

### CLASS ACTION ADVERSARY PROCEEDING COMPLAINT
### FOR VIOLATION OF WARN ACT 29 U.S.C. § 2101, ET SEQ. AND (2) VIOLATION OF
### CALIFORNIA WARN ACT AND (3) VIOLATION OF NEW JERSEY MILLVILLE
### DALLAS AIRMOTIVE PLANT JOB LOSS NOTIFICATION ACT
### AND (4) PAYMENT OF UNUSED VACATION LAW UNDER NEW JERSEY LAW

Plaintiffs Clifford Marvin, Todd Irving and Joseph Russomanno ("Plaintiffs") allege on

behalf of themselves and a putative class of similarly situated former employees of Debtor Katerra

Inc., ("Katerra" or "Debtor" or "Defendant") by way of this Class Action Adversary Proceeding

Complaint against Defendant as follows:

### NATURE OF THE ACTION

1.　　　The Plaintiffs bring this action on behalf of themselves, and other similarly situated

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors'
proposed claims and noticing agent at https://cases.primeclerk.com/katerra. The location of Debtor Katerra, Inc.'s
principal place of business and the Debtors' service address in these chapter 11 cases is 2700 Post Oak Boulevard,
Suite 2450, Houston, Texas 77056.

former employees who worked for Defendant and who were terminated without cause as part of, or as the result of, mass layoffs or plant closings ordered by Defendant beginning on or about June 4, 2021, who were not provided 60 days advance written notice of their terminations by Defendant, as required by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq, and its state law counterparts, California Labor Code §§ 1400 – 1408, and the New Jersey Millville Dallas Airmotive Plant Job Loss Notification Act, PL. 2007, c.212, C.34:21-2 ("New Jersey WARN Act") (collectively, the "WARN Acts").

2.     Plaintiffs were terminated along with approximately 700 other similarly situated employees as part of, or as the foreseeable result of a mass layoffs or plant shutdowns ordered by Defendant.  These terminations failed to give Plaintiffs and other similarly situated employees of Defendant at least 60 days' advance notice of termination, as required by the WARN Acts.  As a consequence of the violation, Plaintiffs and other similarly situated employees of Defendant seek their statutory remedies, pursuant to 29 U.S.C. § 2104.

3.     Plaintiffs and all similarly situated employees seek from Defendant, payment of their unused accrued vacation time under Cal. Lab. L §§ 201, 227.3, New Jersey and Washington state common law of contracts, and applicable state laws.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1334, 1367 and 29 U.S.C. § 2104(a)(5).

5.     This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

6.     Venue is proper in this District pursuant to 28 U.S.C. § 1409 and 29 U.S.C. § 2104(a)(5).

## THE PARTIES

### *Plaintiffs*

7.      Plaintiff Marvin was employed by Defendant as an Architectural Specification Writer at Defendant's facility located at 542 1st Avenue S, Seattle, Washington until his termination.

8.      Plaintiff Irving was employed by Defendant as a Superintendent at Defendant's facility located at 28168 Mission Blvd Hayward, California until his termination.

9.      Plaintiff Russomanno was a Helpdesk Technician at Defendants' Jersey City facility at 1 Evertrust Plaza, Suite 102, Jersey City, New Jersey.

10.     On or about June 4, 2021, Plaintiffs were notified of their terminations effective immediately.

11.     Plaintiffs' last day of employment was June 4, 2021.

12.     Upon termination, Plaintiffs did not receive from Defendant the paid time off that they were owed.

13.     Along with Plaintiffs, an estimated 730 other employees of Defendant who worked at, reported to, or received assignments from the Defendant's Factory Facilities in Tracy California and Tacoma, Washington, and offices in Jersey City, New Jersey, Scottsdale, Arizona and Seattle, Washington, as well as other sites in those and other states, including Texas (collectively, the "Facilities") were terminated on or about June 4, 2021 without 60 days' advance written notice.

14.     Upon information and belief, along with Plaintiffs, other employees of Defendant who worked at Defendant's Facilities were also terminated on or about June 4, 2021.

### *Defendant*

15.     Upon information and belief and at all relevant times, Defendant is a Building platform focused on the construction and assembly of high-quality apartment buildings through

the use of modular building components that are assembled on site.

16.     Upon information and belief and at all relevant times, Defendant's North American headquarters are located at 2700 Post Oak Blvd, Suite 2450, Houston, TX 77056  (the "Houston Facility").

17.     Upon information and belief at all relevant times, Defendant owned, maintained and operated its corporate headquarters at the Houston Facility as well as additional facilities, as that term is defined by the WARN Act, located at in Tracy, California and Tacoma, Washington, offices in Jersey City, New Jersey, Scottsdale, Arizona and Seattle, Washington, as well as other sites in those and other states.

18.     Upon information and belief and at all relevant times, Defendant is a privately owned corporation.

19.     On June 6, 2021, Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code.

## FEDERAL WARN CLASS ALLEGATIONS

20.     Plaintiffs bring the First Claim for Relief for violation of 29 U.S.C. § 2101 *et seq*., individually and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported to one of Defendant's Facilities and were terminated without cause on or about June 4, 2021 and within 30 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendant on or about June 4, 2021 and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

21.     The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, it is estimated at about 700 individuals. On information and belief, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

22.     On information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in Defendant's books and records.

23.     On information and belief, the rate of pay and benefits that were being paid by Defendant to each WARN Class Member at the time of his/her termination is contained in the books and records of Defendant.

24.     Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

> (a) whether the members of the WARN Class were employees of Defendant who worked at or reported to Defendant's Facilities;
>
> (b) whether Defendant unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act;
>
> (c) whether Defendant's unlawfully failed to pay the WARN Class members 60 days wages and benefits as required by the WARN Act; and

25.     Plaintiffs' claims are typical of those of the WARN Class. Plaintiffs, like other WARN Class members, worked at or reported to one of Defendant's Facilities and were terminated without cause on or about June 4, 2021 due to the mass layoffs and/or plant closings ordered by Defendant.

26.     At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until Defendant decided to order a mass layoffs or plant closings at the Facilities.

27.     Plaintiffs will fairly and adequately protect the interests of the WARN Class. Plaintiffs have retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

28.     Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation  – particularly in the context of WARN Act litigation, where individual plaintiff may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

29.     Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

30.     Plaintiffs intend to send notice to all members of the WARN Class to the extent required by Rule 23.

## CALIFORNIA WARN ACT CLASS ALLEGATIONS

31.     Class Plaintiff Irving brings this claim for relief for violation of Labor Code § 1401 on behalf of himself and a class of similarly situated persons pursuant to Labor Code § 1404 and Federal Rules of Civil Procedure, Rule 23(a) and (b)(3), who worked at or reported to one of Defendant's Facilities and were terminated without cause on or about June 4, 2021 (the "California WARN Class").

32.     The persons in the California WARN Class identified above ("California WARN Class Members") are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

33.     On information and belief, the identity of the members of the class and the recent residence address of each of the California WARN Class Members is contained in the books and records of Defendant.

34.     On information and belief, the rate of pay and benefits that were being paid by Defendant to each California WARN Class Member at the time of his/her termination is contained in the books and records of the Defendant.

35.     Common questions of law and fact exist as to members of the California WARN Class, including, but not limited to, the following:

(a)     whether the members of the California WARN Class were employees of the Defendant;

(b)     whether Defendant unlawfully terminated the employment of the members of the California WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the CAL WARN Act; and

(c)     whether Defendant unlawfully failed to pay the California WARN Class members 60 days wages and benefits as required by the California WARN Act.

36.     The Class Plaintiff's claims are typical of those of the California WARN Class. The Class Plaintiff, like other California WARN Class members, worked at or reported to one of Defendant's Facilities and was terminated beginning on or about June 4, 2021, due to the termination of the Facilities ordered by Defendant.

37.     The Class Plaintiff will fairly and adequately protect the interests of the California WARN Class.  The Class Plaintiff has retained counsel competent and experienced in complex class actions on behalf of employees, including the California WARN Act, the federal WARN Act, other similar state laws, and employment litigation.

38.     Class certification of these Claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the California WARN Class predominate over any questions affecting only individual members of the California WARN Class, and because a class action superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of California WARN Class Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual California WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

39.     Concentrating all the potential litigation concerning the California WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the California WARN Act rights of all the members of the Class.

40.     The Class Plaintiff intends to send notice to all members of the CAL WARN Class to the extent required by Rule 23.

## NEW JERSEY WARN ACT ALLEGATIONS

41.     Class Plaintiff Russomanno brings the New Jersey WARN Act claim for violation of the New Jersey Millville Dallas Airmotive Plant Job Loss Notification Act, PL. 2007, c.212, C.34:21-2 ("New Jersey WARN Act") on behalf of a class of similarly situated persons pursuant the New Jersey WARN Act and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported to the Facilities and were terminated without cause on or about June 4, 2021 (the "New Jersey WARN Class").

42.     The persons in the New Jersey WARN Class identified above ("New Jersey WARN Class Members") are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendant.

43.     On information and belief, the identity of the members of the class and the recent residence address of each of the New Jersey WARN Class Members is contained in Defendant's books and records.

44.     On information and belief, the rate of pay and benefits that were being paid by Defendant to each New Jersey WARN Class Member at the time of his/her termination is contained in the books and records of the Defendant.

45.     Common questions of law and fact exist as to members of the New Jersey WARN Class, including, but not limited to, the following:

(d)whether the members of the New Jersey WARN Class were employees of the Defendant;

(e) whether Defendant unlawfully terminated the employment of the members of the New Jersey WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the New Jersey WARN Act; and

(f) whether Defendant unlawfully failed to pay the New Jersey WARN Class members severance pay equal to one week of pay for each full year of employment as required by the New Jersey WARN Act.

(g) whether Defendant is liable as a single employer to Plaintiff and the New Jersey WARN Class members.

46.     The Class Plaintiff's claims are typical of those of the New Jersey WARN Class. The Class Plaintiff, like other New Jersey WARN Class members, worked at or reported to the Facilities and were terminated on or about June 4, 2021, due to the terminations ordered by Defendant.

47.     The Class Plaintiff will fairly and adequately protect the interests of the New Jersey WARN Class.  The Class Plaintiff has retained counsel competent and experienced in complex class actions on behalf of employees, including the New Jersey WARN Act, the federal WARN Act, other similar state laws, and employment litigation.

48.     Class certification of these Claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the New Jersey WARN Class predominate over any questions affecting only individual members of the New Jersey WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of New Jersey WARN Class Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a

10

corporate Defendant, and damages suffered by individual New Jersey WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

49.     Concentrating all the potential litigation concerning the New Jersey WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the New Jersey WARN Act rights of all the members of the Class.

50.     The Class Plaintiff intends to send notice to all members of the New Jersey WARN Class to the extent required by Rule 23.

**CLAIMS FOR RELIEF**
**First Cause of Action: Violation of the WARN Act, 29 U.S.C. § 2104**

51.     Plaintiffs reallege and incorporates by reference all allegations in all preceding paragraphs.

52.     At all relevant times, Defendant employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

53.     At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a) and continued to operate as a business until it decided to order a mass layoffs or plant closings at the Facilities.

54.     At all relevant times, Plaintiffs and the other similarly situated former employees were employees of Defendant as that term is defined by 29 U.S.C. §2101.

55.     On or about June 4, 2021, Defendant ordered mass layoffs or plant closings at the Facilities, as that term is defined by 29 U.S.C. § 210l(a)(2).

56.     The mass layoffs or plant closings at the Facilities resulted in "employment losses,"

as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendant's employees as well as thirty-three percent of Defendant's workforce at each Facility, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2l01(a)(8).

57.     Plaintiffs and the Class Members were terminated by Defendant without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendant at the Facilities.

58.     Plaintiffs and the Class Members are "affected employees" of Defendant, within the meaning of 29 U.S.C. § 2101(a)(5).

59.     Defendant was required by the WARN Act to give the Plaintiffs and the Class Members at least 60 days advance written notice of their terminations.

60.     Defendant failed to give Plaintiffs and the Class members written notice that complied with the requirements of the WARN Act.

61.     Plaintiffs and each of the Class Members are "aggrieved employees" of the Defendant as that term is defined in 29 U.S.C. § 2104(a)(7).

62.     Defendant failed to pay Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, health and life insurance premiums, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and failed to provide employee benefits including health insurance, for 60 days from and after the dates of their respective terminations.

**Second Cause of Action: Violation of California Labor Code - § 1400 *et seq*.**

63.     Plaintiffs reallege and incorporate by reference all allegations in all proceeding paragraphs.

64.     Plaintiff Irving and similarly situated employees who worked at or reported to Defendant's facilities in California and other "covered establishments," are former "employees," of Defendant as defined in Labor Code § 1400(h).

65.     Defendant terminated the employment of Plaintiff and other similarly situated employees, pursuant to a "mass layoff," "relocation" or "termination" as defined in Labor Code § 1400(d-f) beginning on or about June 4, 2021 or thereafter.

66.     At all relevant times, Defendant was an "employer" as defined in Labor Code § 1400(b).

67.     Defendant violated Labor Code § 1401 by ordering a "mass layoff," "relocation" or "termination" in California without giving written notice at least 60 days before the order took effect to (1) the employees affected by the order and (2) the Employment Development Department, the local workforce investment board, and the chief elected official of each city and county government within which the mass layoff, relocation or termination occurred. The "mass layoff," "relocation" or "termination" was not necessitated by a physical calamity or act of war.

68.     As a result of Defendant's violation of Labor Code § 1401, Plaintiff Irving and the other similarly situated California employees are entitled to damages under c(a) in an amount to be determined.

69.     As a result of Defendant's violation of Labor Code § 1401, Defendant is liable subject to a civil penalty of not more than five hundred dollars ($500) for each day of the violation, under Labor Code § 1403.

70.     Plaintiff has incurred and the other similarly situated employees will incur attorneys' fees in prosecuting this claim and are entitled to an award of attorneys' fees under Labor Code § 1404.

## Third Cause of Action: Unpaid Wages – California

71.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

72.     California Labor Code § 201 provides that any discharged employee is entitled to all wages due at the time of discharge.

73.     California Labor Code § 227.3 provides that an employer must compensate discharged employees for accrued, unused vacation time at the employee's final rate of pay.

74.     Defendant knowingly and willfully violated California Labor Code § 227.3 by failing to pay its terminated California employees for accrued, unused vacation days and are liable to their California employees for those days at their final rate of pay.

75.     The relief sought in this proceeding is predominately equitable in nature.

## Fourth Cause of Action: Violation of the New Jersey WARN Act

76.     Plaintiffs reallege and incorporates by reference all allegations in all preceding paragraphs.

77.     At all relevant times, Defendant was an individual or private business entity defined as "employer" under the New Jersey WARN Act and continued to operate as a business until they decided to terminate operations at the Establishment and/or Facilities as defined by PL. 2007, c.212, C.34:21-2.

78.     On or about June 4, 2021, Defendant ordered termination of operations as defined by PL. 2007, c.212, C.34:21-2.

79.     The New Jersey WARN Class Members suffered a termination of employment as defined by PL. 2007, c.212, C.34:21-2, having been terminated by Defendant without cause on their part.

14

80.     Defendant was required by the New Jersey WARN Act to give the New Jersey Class Members at least 60 days advance written notice of their terminations.

81.     Defendant failed to give the New Jersey WARN Class Members written notice that complied with the requirements of the New Jersey WARN Act.

82.     Defendant failed to pay the New Jersey WARN Class Members their respective lost wages, benefits and other remuneration, including severance pay equal to one week of pay for each full year of employment.

### Fifth Cause of Action: Unpaid Accrued PTO under Contract Law

83.     Plaintiffs reallege and incorporates by reference all allegations in all preceding paragraphs.

84.     Plaintiffs Marvin and Russonmanno and other employees of Defendant were not paid their unused accrued personal time off (PTO) upon being discharged in violation of the enforceable policies and practices of Defendant.

85.     Defendant's violation of its policies and practices to pay accrued PTO upon termination constitutes a breach of enforceable agreements under applicable state contract law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendant:

A.     Certification of this action as a class action;

B.     Designation of Plaintiffs as Class Representatives;

C.     Appointment of the undersigned attorneys as Class Counsel;

D.     A judgment in favor of the Plaintiffs and each of the affected employees equal to the sum of:  their unpaid wages, salaries, commissions, bonuses, accrued holiday

pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for up to 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period all determined in accordance with the federal WARN Act, 29 U.S.C. §2104(a)(1)(A);

E.     An allowed wage priority claim for up to $13,650 of the WARN Act claims of Plaintiffs and each of the other similarly situated former employees under 11 U.S.C. § 507(a)(4) and (5), and the remainder as a general unsecured claim, equal to the sum of: (i) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period; ); (ii) severance pay equal to one week of pay for each full year of employment under the New Jersey WARN Act PL. 2007, c.212, C.34:21-6 including any civil penalties, or, in the alternative, a wage priority claim for up to $13,650 of the federal and New Jersey WARN Act claims of Plaintiffs and each of the other similarly situated former employees under 11 U.S.C. § 507(a)(4) and (5), and the remainder as a general unsecured claim;

F.     A judgment in favor of Plaintiffs and each of the "affected employees" for payment of accrued unpaid wages and vacation time, applicable liquidated damages, and attorneys' fees and costs pursuant to state laws of California and New Jersey, and similar laws of others states as applicable;

G.     Reasonable attorneys' fees and the costs and disbursements that Plaintiffs will incur in prosecuting this action, as authorized by the federal WARN Act, 29 U.S.C. §

2104(a)(6);

H.      Interest as allowed by law on the amounts owed under the preceding paragraphs;

        and

I.      Such other and further relief as this Court may deem just and proper.

Dated: June 10, 2021

Respectfully submitted,

*/s/ Walter J. Cicack*
Walter J. Cicack
**HAWASH CICACK & GASTON LLP**
3401 Allen Parkway, Suite 200
Houston, Texas 77019
Telephone: (713) 658-9003
Facsimile: (713) 658-9015
wcicack@hcgllp.com

Jack A. Raisner
René S. Roupinian
**RAISNER ROUPINIAN LLP**
270 Madison Avenue, Suite 1801
New York, New York 10016
Telephone: (212) 221-1747
Facsimile: (212) 221-1747
Email: rsr@raisnerroupinian.com
Email: jar@raisnerroupinian.com

*Attorneys for the Plaintiffs and the putative class*